ENRIQUE SEGARRA, JR. ET AL., Plaintiffs and Appellees, *v.* SECRETARY OF THE TREASURY, Defendant and Appellant.

No. R-64-252.    Decided February 28, 1967.

160

J. B. Fernández Badillo, Solicitor General, and J. F. Rodríguez Rivera, Assistant Solicitor General, for appellant. Rivera Zayas, Rivera Cestero & Rúa for appellees.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Santana Becerra, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Appellees Enrique Segarra, Jr., and Mariano Canales Delgado were engaged in the practice of law under a professional partnership known as "Canales y Segarra." On April 2, 1963, the Secretary of the Treasury after administrative hearings, notified the partners of final income tax deficiencies corresponding to the tax years 1957, 1958, and 1959. The deficiencies were based on the profits received by the partners which were not included in their individual income tax returns filed by them during the years in controversy.

Feeling aggrieved by the final determination of deficiencies served on them by the Secretary of the Treasury, each taxpayer filed a complaint in the Superior Court on April 23, 1963. They attached to their complaints and filed in said court original bond documents to answer for the alleged deficiencies.

Copies of these complaints were served on the Secretary of the Treasury on May 1, 1963. Together with the copies of the complaints, the plaintiffs sent and filed with him partial photostatic copies of the original bond documents filed in the Superior Court.

In the answer to the complaints the Secretary of the Treasury challenged the jurisdiction of the Superior Court to take cognizance of the cases, on the ground that plaintiffs did not furnish the required bonds pursuant to the provisions of § 272 (a) (2) of the Income Tax Act of 1954, as amended. The Secretary relied on the fact that (1) the originals of the bonds were not filed with him for their approval within the term fixed by law, and (2) the partial photostatic copies of the bond documents which were notified to him together with the copies of the complaints did not contain the authentication of the signatures of the principal, or of the authorized agent of the surety company, and further, that as to Canales the photostatic copy of the bond was not signed by the taxpayer.

An examination and comparison of the copies of the bonds served on the Secretary with the originals of the documents filed in the Superior Court reveals that in effect the copies served on the Secretary are partial photostatic copies of the originals, just as said official describes them.

Despite this being so and after a hearing on the jurisdictional question, the trial court decided on September 16, 1963 that since the defendant had knowledge of the photocopies of the bonds within the term fixed by law, the latter had been presented to him and were subject to his approval. Consequently, the court dismissed the jurisdictional contention raised by the Secretary of the Treasury and granted him a term of 10 days "to file objections as to the approval of the bond given," and if there is no objection or challenge thereof within the said term, the bonds will be considered approved.

After a hearing on the merits and after establishing findings of fact and conclusions of law, the Superior Court rendered judgment sustaining the complaints and setting aside the tax deficiencies challenged by plaintiffs-taxpayers.

We agreed to review this judgment.

## I—Jurisdiction of this Court

In their opposition to the issuance of the writ of review, plaintiffs-appellees challenged the jurisdiction of this Court alleging that the petition was filed after the term fixed by law had expired. They argue that the term to file a petition for review of the judgment began to run on October 6, 1964, date on which copy of the notice of judgment was filed in the record; that such term was not interrupted by the motions for reconsideration filed by defendant, and that the petition was untimely filed before this Court on December 18, 1964.

We do not agree. It is true that the notice of the judgments was filed in the record on October 6, 1964 and that the motion for reconsideration filed on the 19th of the

same month was denied outright the 22d. However, after the reconsideration of that decision was sought, the Court set it aside and on October 26, 1964 set it for hearing. It was on November 12 of that same year that the Court entered an order denying the motion for reconsideration, which was notified to defendant the 20th of said month, on which date the term to request review of the judgment began to run, all in conformance with the doctrine of the case of *El Mundo, Inc.* v. *Superior Court*, 92 P.R.R. 772 (1965).

## II—Jurisdiction of the Superior Court

■ When the Secretary of the Treasury makes a final notice of deficiency in the income tax, he indicates in said notice the amount of the bond that the taxpayer must give, should he desire to appeal to the Superior Court from the determination of the Secretary. The complaint should be filed, except in the case of the heirs provided in the Act, within the 30-day term as of the date of the deposit in the mail of the notice of the final determination. As a previous step to the filing of the complaint, the taxpayer should file with the Secretary, a bond in his favor and subject to his approval, in the amount indicated in the final determination or in the amount of the tax in litigation. Both the furnishing of the bond and the filing of the complaint within the terms fixed by law are requirements without the fulfillment of which the Superior Court cannot take cognizance of the matter. It was thus expressly established by the Legislative Assembly upon approving § 272(a)(2) of the Income Tax Act of 1954 (13 L.P.R.A. § 3272), as amended, and which in its pertinent part provides:

"(2) Should a taxpayer disagree with a final determination of deficiency notified to him by the Secretary in the form provided in paragraph (1), the taxpayer may appeal from such determination to the Superior Court, filing a complaint in the form provided by law, within 30 days from the date the notice of the

final determination was placed in the mail, provided he previously files with the Secretary a bond in his favor, and subject to his approval in the amount indicated in the aforementioned notice, of final determination. . . . With the exception of anything to the contrary provided in this subsection, both the filing of the bond indicated by the Secretary on the notice of the final determination and the filing of the complaint with the Superior Court, both acts performed within the period previously provided, shall be requirements without the fulfillment of which the Superior Court shall not hear the case."[1]

■ The filing with the Secretary of the Treasury of the bond in his favor and subject to his approval, in the amount and within the term provided by law, as well as the filing of the complaint within the statutory term, are jurisdictional requirements that must be strictly complied with, otherwise the Superior Court lacks jurisdiction to hear the case. *Gómez v. Tax Court,* 73 P.R.R. 431 (1952). The phrase ". . . shall be requirements without the fulfillment of which the Superior Court shall not hear the case" can have no other scope but that of divesting the Superior Court of power to hear the case if both requirements have not been complied with, which is tantamount to saying that in such case the court lacks jurisdiction.

In the case of *Gómez v. Tax Court, supra,* this Court construed § 2(A)(1) of Act No. 235 of May 10, 1949, which required compliance with the two jurisdictional requirements provided now by the aforesaid § 272. Although Act No. 235 of 1949 did not contain the mechanism which the Income Tax Act of 1954 has today, by virtue of which a taxpayer may

---

[1] The provision makes an exception of the cases in which (1) the taxpayer pays that part of the tax to which he agrees and litigates the remainder, in which case, the bond shall not exceed the amount of the tax that is being litigated, and (2) when the taxpayer dies on or after the date on which the notice of the final determination is placed in the mail, but before the expiration of the 30-day term, the term is extended to 60 days for the heirs to give the bond and to file the complaint in the Superior Court.

be relieved from furnishing the bond in order to appeal to the Superior Court, the doctrine on the compliance with the jurisdictional requirements has not been altered, especially in cases like the one at bar where said mechanism does not come into play because it does not deal with taxpayers who (1) were unable to furnish the bond in the amount required by the Secretary, or were unable to furnish any bond, (2) furnished the bond in the amounts required by the Secretary and the bonds were rejected by the Secretary before the complaint was filed. Neither is it a question where the taxpayers had furnished the bond in the amount required and before the complaints were filed and where the bond was not rejected by the Secretary of the Treasury. See § 272(a)(4) and (5) of the Income Tax Act of 1954, as amended.

■ The position assumed by the Secretary of the Treasury has been that the taxpayers did not furnish to him, and subject to his approval within the statutory term, the bonds in the amount required of them. That position is correct. The bond documents which were served on him together with the copy of the complaints and which consisted of partial photostatic copies of other bond documents filed in the Office of the Clerk of the Superior Court, were insufficient at law for the Secretary to make a determination as to its approval or disapproval. The furnishing of the bond to the Superior Court, when it is not expressly authorized or provided by law, is a substantial deviation from the legislative provision tantamount to the noncompliance with one of the indispensable requirements needed to vest the Superior Court with jurisdiction in the matter.

In view of the conclusive language of the statute we cannot agree with appellees that the position of the Secretary of the Treasury relies on a procedural refinement. Appellees furnished at their risk the bonds to the Superior Court, disregarding the express provisions of the Act. The consequence is that by their own action they deprive the Superior Court

of power to take cognizance of the matter. See the case of *Secretary of the Treasury* v. *Superior Court*, certiorari No. 63-76, decided November 14, 1963; *Almodóvar* v. *Sec. of the Treasury*, 85 P.R.R. 716 (1962).

For the foregoing reasons, the judgments sought to be reviewed will be reversed, and another rendered dismissing the complaints for lack of jurisdiction of the Superior Court.